## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TOMMY CLOUD (#103880)

VERSUS

BURL CAIN, ET AL.

CIVIL ACTION

16-494-SDD-RLB

## RULING AND ORDER

Before the Court is the Plaintiff's *Motion for Order to Show Cause*,[1] which the Court interprets as a *Motion for Preliminary Injunction*, wherein the Plaintiff seeks an order directing the Defendants to protect him from harm, move him to another area of the prison, and provide him with legal assistance. For the reasons explained herein, the Plaintiff's *Motion* is DENIED.

The Plaintiff's *Motion* fails to address the requirements for a preliminary injunction, which the Court now turns to address. "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[2] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[3]

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if

---

[1] Rec. Doc. 16.
[2] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").
[3] See *Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

the injunction is granted; and (4) the injunction will not disserve the public interest.[4] If a Plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[5]

This Court has already determined that the that there is not a substantial likelihood of prevailing on the merits, as the Court has found that the Plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted.[6]

Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's *Motion for Order to Show Cause*[7] is **DENIED**.

Baton Rouge, Louisiana the 27 day of March, 2017.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[4] See *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).
[5] See *Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).
[6] *See* Rec. Docs. 12, 14, and 15.
[7] Rec. Doc. 16.